# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-37V

| | | |
|---|---|---|
| CALEB SAVOIE, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: July 18, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Renee J. Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.

*Lauren Kells*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 11, 2022, Caleb Savoie filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"), alleging that he suffered from brachial neuritis in his left shoulder as a result of his receipt of an influenza vaccine on January 16, 2019.[2] Petition, dated Jan. 11, 2022 (ECF No. 1) ("Pet."). The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. Decision, dated Jan. 2, 2024 (ECF No. 52).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 5, 2024 (ECF No. 57) ("Mot."). This is Petitioner's sole such request. Petitioner seeks fees and costs relating to the work performed by Renee Gentry of The Law Office of Renee J. Gentry, and co-counsel Jeffrey S. Gennusa of the Gennusa Firm. *Id.* at 1. Petitioner requests a total of **$59,267.27**, which comprises $38,393.65 for Ms. Gentry's attorney's fees, $13,186.12 for Ms. Gentry's costs, and $7,687.50 in attorney's fees for Mr. Gennusa. Mot. at 1.

Respondent reacted to the interim fees request on June 20, 2025. See Response, dated June 20, 2025 (ECF No. 58) ("Resp."). Respondent is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 4.

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding fees and costs in the total amount of **$54,486.72**.

## ANALYSIS

### I.     Calculation of Fees

#### A.     Hourly Rates

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

2

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

|  | **2021** | **2022** | **2023** | **2024** | **2025** |
|---|---|---|---|---|---|
| **Renee J. Gentry (Attorney)** | $489 | $504 | $531 | $561 | $602 |
| **Sharmaine Johanson (Paralegal)** | n/a | n/a | n/a | $175 | n/a |
| **Jeffrey S. Gennusa (Attorney)** | $250 | $250 | n/a | $250 | n/a |

ECF No. 57-1 at 6–30, 59

Ms. Gentry practices in Washington, DC—a jurisdiction that is, by definition, "in forum." *See Saville v. Sec'y of Health & Hum. Servs.*, No. 21-794V, 2024 WL 3967034, at *2 (Fed. Cl. July 31, 2024). She is therefore entitled to the forum rates established in *McCulloch*. *See Kelly v. Sec'y of Health & Hum. Servs.*, No. 16-878V, 2022 WL 3594383 (Fed. Cl. Spec. Mstr. July 27, 2022). The rates requested (including newly-requested 2025 rates specific to Ms. Gentry) are also consistent with what has previously been awarded for her work, and with the Office of Special Masters' fee schedule.[3] I thus find no cause to reduce them in this instance. And the tasks performed by Ms. Gentry were reasonable (with the exception of what is noted below).

Mr. Gennusa has been a licensed attorney since 2010. ECF No. 57-1 at 1. As of the filing of the Motion for Final Fees, however, he is not admitted to the Court of Federal Claims. Filed invoices establish that he found Petitioner and referred him to Ms. Gentry. In addition, he worked consistently on this case from January 11, 2021 (well prior to its filing) through December 9, 2022, and assisted again in October of 2024 to review, draft, and file the Motion for Final Fees. *Id.* at 60–63.

The rate requested for Mr. Gennusa is facially reasonable. But some of Mr. Gennusa's time devoted to this matter cannot be reimbursed at a full attorney rate. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). However, attorneys not otherwise admitted to the Program can

---

[3] *White v. Sec'y of Health & Hum. Servs.*, No. 21-0471V, slip op. at 2 (Fed. Cl. Spec. Mstr. July 8, 2024); OSM Forum Fee Schedule
https://www.uscfc.uscourts.gov/sites/cfc/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202025.pdf (last visited July 9, 2025).

receive normal rates incurred for a client on a case prior to its initiation, and separate from its "work-up" to filing (such as efforts to draft the petition).

Accordingly, all time billed by Mr. Gennusa *before* the filing of this case, and independent of the actual preparation of the Petition, shall be compensated at his requested attorney rate. But all time spent working on the preparation of the Petition, and then on the claim after filing, may only be compensated at non-attorney rates. Thus, Mr. Gennusa shall be compensated at his requested rate of $250 per hour for his work from January 11, 2021 through January 10, 2022, and the lesser rate of $175 per hour (akin to a paralegal rate) for all time billed from January 13, 2022 through October 15, 2024. This is consistent with what similarly-situated attorneys have received. *See Holtzhafer v. Sec'y of Health & Hum. Servs.,* No. 22-1482V, 2024 WL 4647918, at *2 (Fed. Cl. Sept. 30, 2024). This reduces the amount of fees to be awarded by **$525.00.**[4]

### B.   Instances of Double Billing

Respondent's reaction to this motion requests careful review of Petitioner's counsel's fee application for duplicitous or excessive billing. Resp. at n.1. Upon review of the records, I find only two instances of what appears to be double billing—two entries for drafting Petitioner's Election to Accept Judgement for 0.3 hours each on 1/22/2025, and two entries for emailing the client regarding settlement for 0.4 hours each on 03/08/2024. ECF No. 57-1 at 7, 15. Therefore, I find it appropriate to reduce the amount of fees awarded by **$348.90.**[5]

### C.   Paralegal Work Charged at Attorney Rates

After reviewing the billing records submitted with Petitioner's Request, I find that both Ms. Gentry and Mr. Gennusa performed some tasks at an attorney rate that should have been billed using a paralegal rate.[6] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonable work on this matter overall, that work must be charged at a reduced rate comparable to that of a paralegal ($175).

---

[4] Reduction in fee calculation: $250/hr - $175/hr = $75 x 7 hrs. = $525.00.

[5] Reduction was determined by: ($602 x 0.3) + ($561 x 0.4) = $348.90.

[6] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing, statements of completion, notice of intent, cover sheet, joint notices not to seek review, filing medical records, drafting subpoenas for records, and following up on production of records from providers.

Mr. Gennusa's rate was already reduced to a paralegal rate for all time billed after the filing of this case, so I will only reduce time billed for paralegal activities performed before January 11, 2022.[7] This reduces Mr. Gennusa's fees by **$693.75**.[8] Similarly, some of Ms. Gentry's time entries also need to be reduced to a paralegal's rate of $175.[9] Application of the foregoing reduces fees to be awarded to Ms. Gentry by **$2,314.10.**[10]

### D. Administrative/Clerical Work

Petitioner 's attorney invoices include a number of billing entries for clerical and administrative work by Ms. Gentry, which is not compensable as it is considered administrative overhead. It is well-established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See, Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services...should be considered as normal overhead office costs included within the attorneys' fees rates"). Attorneys have previously been denied fees for billing entries that include language such as "...receive disk, copy to computer..." or "[c]heck file, docket, order and calendar" or "finalize invoice" on the basis that these entries represent administrative tasks. *Moxley v. Sec'y of Health & Hum. Servs.*, No. 06-213V, 2017 WL 5080289, at *3 (Fed. Cl. Oct. 12, 2017).

I have gone through the record and removed the entries that are better classified as an administrative task[11], which has resulted in a reduction in the amount of fees by a further **$898.80**.[12]

## II.   Calculation of Attorney's Costs

---

[7] See billing entries dated 04/15/2021; 04/16/2021; 05/24/2021; 06/09/2021; 06/25/2021; 07/20/2021; 08/11/202110/15/2021; 10/18/2021; 10/26/2021; 10/27/2021; 10/29/2021; 11/10/2021. ECF No. 57-1 at 60–62.

[8] This amount consists of paralegal tasks billed by attorney: (($250 - $175)*9.25 hrs. = $693.75). ECF No. 57-1 at 58–62.

[9] See billing entries dated 12/02/2024; 09/04/2024; 07/09/2024; 04/23/2024; 01/30/2024; 07/31/2023; 06/09/2023; 03/09/2023; 07/05/2022; 06/29/2022; 06/26/2022; 06/23/2022; 06/14/2022; 02/10/2022; 01/19/2022 drafted statement of completion; 01/19/2022 drafted nfd ex 19–20; 01/12/2022 Drafted nfd PAR q; 01/12/2022 drafted nfd ex 10–18; 01/12/2022 drafted nfd ex 19; 01/12/2022 prepared index of exhibits; 01/11/2022. ECF No. 57-1 at 9, 12, 14, 16, 18–19, 21–26.

[10] This amount consists of paralegal tasks billed by attorney: ((($561 - $175)*1.5 hrs.) + (($531 - $175)*0.9 hrs.) + (($504 - $175)*4.3 hrs.) = $2,314.10). ECF No. 57-1 at 9, 12, 14, 16, 18–19, 21–26.

[11] See billing entries dated 08/28/2024; 07/11/2024; 04/19/2024; 01/27/2024; 11/01/2023; 08/09/2023; 08/03/2023; 04/24/2023; 03/31/2023; 11/09/2022; 09/07/2022; 07/07/2022; 06/30/2022; 06/15/2022; 10/27/2021. ECF No. 57-1 at 12–22, 27.

[12] This amount consists of clerical/administrative tasks billed by attorney Renee Gentry: (($561 x 0.5 hrs.) + ($531 x 0.5 hrs.) + ($504 x 0.7 hrs.) + ($489 x 0.5 hrs.) = $898.80). ECF No. 57-1 at 12–22, 27.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $13,186.12 in outstanding costs, including medical record retrieval costs, mailing costs, and filing fees. ECF No. 57-1 at 29–57. Petitioner has provided supporting documentation for all claimed costs. *See id.* The costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. **I award a total amount of $54,486.72, (reflecting (a) $48,017.97 for petitioner's counsel of record, Renee Ja Gentry, attorneys' fees and costs; and (b) $6,468.75 for Jeffrey S. Gennusa's attorneys' fees and costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[13]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.